IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

DONALD G. MOORE                                                                                    PLAINTIFF

v.                                           NO. 3:09CV00007 HDY

MICHAEL J. ASTRUE,                                                                                 DEFENDANT
Commissioner of the Social
Security Administration

MEMORANDUM OPINION AND ORDER

BACKGROUND. The record reflects that in May of 2006, plaintiff Donald G. Moore ("Moore") filed applications for disability insurance benefits and supplemental security income benefits pursuant to the provisions of the Social Security Act ("Act"). His applications were denied initially and upon reconsideration. He next requested, and received, a de novo administrative hearing before an Administrative Law Judge ("ALJ"). In September of 2008, the ALJ issued a decision adverse to Moore. He appealed the adverse decision to the Appeals Council. The adverse decision was affirmed by the Appeals Council and thus became the final decision of the Commissioner of the Social Security Administration ("Commissioner"). In January of 2009, Moore commenced the proceeding at bar by filing a complaint pursuant to 42 U.S.C. 405(g). In the complaint, he challenged the final decision of the Commissioner.

STANDARD OF REVIEW. The sole inquiry for the Court is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. See Prosch v. Apfel, 201 F.3d 1010 (8th Cir. 2000). "Substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusions." See Id. at 1012.

THE COMMISSIONER'S FINDINGS. The Commissioner made findings pursuant to the five step sequential evaluation process. At step one, the Commissioner found that Moore has not engaged in substantial gainful activity since the alleged onset date. At step two, the Commissioner found that Moore has the following severe impairments: "left eye blindness, diabetic neuropathy, back pain with lumbosacral spam, hypertension, right inguinal hernia, left rotator cuff damage, probably right rotator cuff damage, right knee arthritis, and obesity." See Transcript at 14.[1] At step three, the Commissioner found that Moore does not have an impairment or combination of impairments listed in, or medically equal to one listed in, the regulations. The Commissioner then assessed Moore's residual functional capacity and found that he can perform a wide range of light work limited only by "blindness in one eye and avoidance of hazards." See Transcript at 15. In support of that finding, the Commissioner noted the following:

---

[1] The Commissioner specifically discounted the severity of Moore's other impairments as "[t]he medical records do not reflect any diagnostic studies, clinical observations, or significant treatment for vertigo, migraine headaches, right eye impairment, hearing impairment, respiratory impairment, or anxiety." See Transcript at 14.

> This conclusion [i.e., the finding that Moore can perform a wide range of light work limited only by blindness in one eye and avoidance of hazards] is supported by the weight of the evidence including the specific limitations set forth by a non-examining state agency medical consultant on August 15, 2006. [See Transcript at 68-75]. The lifting restrictions set forth by Dr. Hodges are also consistent with light work. [See Transcript at 88-96]. While the other exertional and non-exertional limitations set forth by Dr. Hodges are not consistent with light work, they are not found to be supported by the clinical findings or other medical evidence.

See Transcript at 15. At step four, the Commissioner found that Moore cannot return to his past relevant work. At step five, the Commissioner referenced the Medical-Vocational Guidelines ("Guidelines"), having found that Moore's non-exertional impairments "do not significantly erode the occupational base recognized under the … [Guidelines]." See Transcript at 16. The Commissioner found that applying Moore's residual functional capacity, age, education, and work experience to the Guidelines, there are other jobs in the national economy he can perform. The Commissioner thus concluded that Moore is not disabled within the meaning of the Act.

MOORE'S ASSERTIONS OF ERROR. Are the Commissioner's findings supported by substantial evidence on the record as a whole? Moore thinks not and advances the following reasons why the Commissioner erred:

(1) "… by rejecting the opinions of Dr. Hodges, a consultative examiner, without any reasoned basis supported by substantial evidence," see Document 11 at 8;

(2) "…by rejecting [Moore's] testimony without citing reasons supported by substantial evidence," see Document 11 at 10;

(3) "… by finding that [Moore] possesses the residual functional capacity to perform light work based upon the findings of a nonphysician and without following the [residual functional capacity] requirements of [Social Security Ruling] 96-8p," see Document 11 at 14; and

(4) "… by finding [Moore] not disabled under the [Guidelines] when [Moore] has multiple nonexertional impairments which preclude an application of the [Guidelines]," see Document 11 at 17.

MOORE'S RESIDUAL FUNCTIONAL CAPACITY.  Two of Moore's assertions of error touch, in large part, on the Commissioner's assessment of Moore's residual functional capacity, specifically, the evidence supporting the Commissioner's finding that Moore can perform a wide range of light work limited only by blindness in one eye and avoidance of hazards.  Moore maintains that the finding is not supported by substantial evidence on the record as a whole because the Commissioner credited the findings of a non-examining, non-physician and discounted the findings of an examining physician.

A claimant's residual functional capacity is simply an assessment of "the most a person can do despite that person's limitations."  See Brown v. Barnhart, 390 F.3d 535, 538-39 (8th Cir. 2004) [citing 20 C.F.R. 404.1545(a)(1)].  The assessment is made using all of the relevant evidence in the record and must be supported by "medical evidence that addresses [the person's] ability to function in the workplace."  See Id. at 539 [citing Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003)].

The Commissioner made the finding that Moore can perform a wide range of light work limited only by blindness in one eye and avoidance of hazards on "the weight of the evidence." See Transcript at 15. The Commissioner only identified, though, two specific pieces of evidence supporting that finding: (1) the limitations found by Ms. Alice Davidson ("Davidson"), whom Moore identifies as a "non-examining [s]tate agency person who is not a physician," see Document 11 at 4; and (2) the lifting restrictions found by Dr. Veryl Hodges ("Hodges"), a consultative physician.

The Court has reviewed Davidson's findings. See Transcript at 68-75. They are scant at best, are not supported by any significant medical evidence, and contradict at several points the findings made by Hodges, who actually examined Moore. The Court confesses considerable difficulty in understanding why the Commissioner chose to credit Davidson's findings. Instead, the Commissioner should have accorded greater weight to Hodges' findings. See Transcript at 88-98. They are more detailed, are supported by some medical evidence, and spring from an actual examination of Moore.

Because a claimant's residual functional capacity is typically the most important issue in a disability determination, see McCoy v. Schweiker, 683 F.2d 1138 (8th Cir. 1982), abrogated on other grounds, Forney v. Apfel, 524 U.S. 266 (1998), a remand is necessary so that the Commissioner can re-assess Moore's residual functional capacity. In re-assessing Moore's residual functional capacity, the Commissioner shall accord greater weight to Hodges' findings than to those made by Davidson.

<u>THE USE OF THE GUIDELINES</u>.  Moore additionally challenges the Commissioner's use of the Guidelines.  Moore maintains that it was error for the Commissioner to have referenced the Guidelines when Moore has significant non-exertional impairments.[2]

The Commissioner may not rely upon the Guidelines if the claimant suffers from non-exertional impairments that "diminish or significantly limit the claimant's residual functional capacity to perform the full range of Guideline-listed activities."  <u>See</u> <u>Ellis v. Barnhart</u>, 392 F.3d 988, 996 (8th Cir. 2005) [internal quotation omitted].  Instead, the Commissioner must obtain vocational expert testimony.  If, however, the claimant's non-exertional impairments do not diminish or significantly limit his residual functional capacity to perform the full range of Guideline-listed activities, use of the Guidelines is not prohibited.

---

[2]

In support of that assertion, Moore specifically maintains the following:

"In this case, … Moore has multiple non-exertional impairments which preclude an application of the [Guidelines] and his loss of vision in his left eye alone is sufficient to require the presence of a vocational expert.  In <u>Dolittle v. Apfel</u>, 249 F.3d 810, 811 (8th Cir. 2001), the Court stated:

There can be no doubt that Doolittle suffers from a nonexertional impairment, the loss of visual acuity in his left eye due to an injury–his best corrected visual acuity in that eye is 20/400.  Given this nonexertional impairment, it was incumbent on the ALJ to call a vocational expert to determine whether there are jobs in the national economy which the claimant can perform, and if so, the extent to which that base may be diminished for persons with such impairments.  [Citations omitted].

In addition to his loss of vision, other nonexertional impairments and limitations which are supported by the medical records include depression, anxiety, obesity, hypertension, pain and postural limitations due to his multiple impairments.  [Citations omitted]."

<u>See</u> Document 11 at 18.

The Commissioner found that Moore's impairments include non-exertional ones, including left eye blindness, back pain, hypertension, and obesity. The Commissioner made a one sentence finding that Moore's non-exertional impairments "do not significantly erode the occupational base recognized under the Medical-Vocational rule," see Transcript at 16, and referenced the Guidelines at step five.

Substantial evidence on the record as a whole does not support the foregoing finding nor the Commissioner's use of the Guidelines. Hodges found, in part, that Moore is blind in his left eye and has "chronic back pain with lumbar spasms." See Transcript at 90. Giving Hodges' findings the appropriate weight to which they are entitled, it is clear that Moore's non-exertional impairments diminish or significantly limit his residual functional capacity to perform the full range of Guideline-listed activities. Upon remand, the Commissioner shall refrain from using the Guidelines; instead, the Commissioner shall obtain vocational expert testimony.

CONCLUSION. On the basis of the foregoing, the Court finds that the Commissioner's findings are not supported by substantial evidence on the record as a whole. A remand is therefore necessary. Upon remand, the Commissioner shall re-assess Moore's residual functional capacity. In re-assessing Moore's residual functional capacity, the Commissioner shall accord greater weight to Hodges' findings than to those made by Davidson. Additionally upon remand, the Commissioner shall refrain from using the Guidelines; instead, the Commissioner shall obtain vocational expert testimony.

Accordingly, the Commissioner's final decision is reversed. This proceeding is remanded for additional consideration. This remand is a "sentence four" remand as that phrase is defined in 42 U.S.C. 405(g) and <u>Melkonyan v. Sullivan</u>, 501 U.S. 89 (1991). Judgment will be entered for Moore.

IT IS SO ORDERED this ___6___ day of October, 2009.


_____
UNITED STATES MAGISTRATE JUDGE